**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MAURICE AHERN et al ,**

        **Plaintiffs,**

**-vs-**                                                  Case No. 6:09-cv-1047-Orl-31GJK

**FIDELITY NATIONAL TITLE**
**INSURANCE COMPANY, SECRET LAKE**
**LAND COMPANY, LLC, POLK**
**PROFESSIONAL TITLE SERVICES, INC.,**
**FELTRIM DEVELOPMENT N.A., INC.,**
**CATHEDRAL FINANCIAL**
**CONSULTANTS LIMITED, FLORIDA**
**TEAM REALTY, INC., and MAS REAL**
**ESTATE SERVICES CO.,**

        **Defendants.**

## ORDER

This matter came before the Court without oral argument upon consideration of Defendant's, Fidelity National Title Insurance Company ("Fidelity"), Motion to Dismiss (the "Motion") (Doc. 13) and Plaintiffs', response in opposition thereto (the "Response") (Doc. 17).

**I. Overview**

The twenty-two Plaintiffs in this case filed a ninety-two page, sixty-six count Complaint on June 18, 2009, alleging, *inter alia*, that they are all citizens of Ireland who purchased condominiums in the Osceola County development known as "The Villas at Secret Lake" (*see generally* Doc. 1). After learning of the investment opportunity through Defendants' agent in Ireland, Cathedral Financial Consultants, Ltd., Plaintiffs closed on their condominiums, only to

learn shortly thereafter that their properties were significantly encumbered. Specifically, Plaintiffs allege that Defendants failed to inform them of a material amendment to their condominium declaration (the "Amended Declaration") that limited the use of their condominiums to short-term rentals and prohibited Plaintiffs from continuously living in their condominiums for more than six months.

Although some claims in the Complaint are asserted on a plaintiff-by-plaintiff basis, each Plaintiff has asserted a claim for violations of the Interstate Land Sales Full Disclosure Act (*see*, *e.g.*, Doc. 1 at 16, ¶¶ 100-108). Other claims, which are apparently asserted by only some Plaintiffs but not others, are predicated on violations of FLA. STAT. §§ 718.503 and 718.506, fraud, breach of contract, negligence, defective title, breach of fiduciary duty, and securities fraud (Doc. 1 at 2, ¶ 1).

With respect to Defendant Fidelity, in particular, certain Plaintiffs allege in Counts 38-53 that Fidelity negligently failed to include the Amended Declaration as an exception to its policies of title insurance and failed to deliver a copy of the Amended Declaration to Plaintiffs prior to closing (Doc. 1 at 56-72, ¶¶ 395-513) [hereinafter "First Set of Counts"]. In Counts 54-59, other Plaintiffs allege that Fidelity's failure to include the Amended Declaration as an exception to its policies of title insurance amounts to a breach of title insurance (Doc. 1 at 73-78, ¶¶ 514-561) [hereinafter "Second Set of Counts"].

Fidelity has moved to dismiss the First and Second Set of Counts pursuant to FED. R. CIV. P. 12(b)(6). With respect to the First Set of Counts, Fidelity contends that the economic loss rule precludes these Plaintiffs' negligence claims. With respect to the Second Set of Counts, Fidelity

contends that, as a matter of law, it cannot be held liable for title defects caused by zoning or land use restrictions. The Court addresses these arguments, *infra*.

The Court has subject matter jurisdiction pursuant to, *inter alia*, 28 U.S.C. § 1332.[1]

## II. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to

---

[1] Plaintiffs rely solely on 28 U.S.C. § 1332 as conferring jurisdiction (Doc. 1, ¶ 3). However, because Plaintiffs also assert a federal claim under the Interstate Land Sales Full Disclosure Act (*see*, *e.g.*, Doc. 1 at 16, ¶¶ 100-108), the Court may also have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

## III. Analysis

### A. First Set of Counts – Negligence Claims (Counts 38-53)

Plaintiffs' First Set of Counts alleges that: (1) Fidelity had a duty to perform a title search and advise Plaintiffs of any defects or encumbrances; (2) Fidelity had a duty to deliver a copy of the Amended Declaration, as recorded in Osceola County's public records, to Plaintiffs prior to closing; (3) Fidelity had a duty to include the Amended Declaration as an exception to its policies of title insurance; and (4) Fidelity breached the foregoing duties (*see*, *e.g.*, Doc. 1, ¶¶ 395-402).

Fidelity contends that these claims are bared by Florida's economic loss rule (Doc. 13 at 7-9, citing, *inter alia*, *Chicago Title Ins. Co. v. Commonwealth Forest Invs.*, 494 F. Supp. 2d 1332 (M.D. Fla. 2007). Specifically, because Fidelity and Plaintiffs are in privity, Fidelity contends that Plaintiffs' claims must sound in contract – not tort.

Plaintiffs concede that actions against title insurers must sound in contract and not tort (Doc. 17 at 5). However, where a title insurer also acts as a closing agent, Plaintiff argues that tort claims may still properly be asserted (Doc. 17 at 5-6, citing, *inter alia*, *Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157 (Fla. 3d DCA 2008) (holding that title company's active concealment of true nature of documents signed by homeowner gave rise to fraud claim).

Upon review, Plaintiffs' First Set of Counts will be dismissed without prejudice. Even assuming, *arguendo*, that Fidelity acted as both a title insurer and as a closing agent,[2] the gravamen of Plaintiffs' Complaint remains the same: Fidelity allegedly failed to perform an adequate title search that would have revealed a defect or encumbrance caused by the Amended Declaration. The duty to perform an adequate title search is clearly imposed by Florida law, but as the *Chicago Title* Court recognized, a breach of that duty amounts to no more than a breach of the title policy – not to some free standing duty in tort. 494 F. Supp. 2d at 1336. Indeed, absent any alleged intentional misconduct that would fall outside the title policy, there is simply no basis for Plaintiffs' First Set of Counts to sound in tort. Accordingly, the First Set of Counts will be dismissed without prejudice and Plaintiffs will have an opportunity to re-plead same, if appropriate, as claims for breach of their respective title insurance policies.[3]

### B. Second Set of Counts – Title Defects (Counts 54-59)

As noted, *supra*, the Second Set of Counts alleges that Fidelity breached its title policies with Plaintiffs by failing to include the Amended Declaration as an exception to its title policies. According to Fidelity, however, the Amended Declaration was recorded prior to Plaintiffs' respective purchases and "did not create the subject use restriction, but merely referenced" an existing zoning restriction (Doc. 13 at 12-13). Because zoning restrictions were specifically

---

[2]According to Fidelity, Plaintiffs have only alleged that Fidelity acted as a title insurer – not as the closing agent (which was Fidelity's authorized agent, Defendant Polk Professional Title Insurance Services, Inc.) (Doc. 13 at 7 n. 3). The Court need not resolve this issue on Fidelity's Motion to Dismiss.

[3]Indeed, as to at least some Plaintiffs, the Complaint already includes claims for breach of title insurance.

excluded from Plaintiffs' policies, Fidelity contends that the Second Set of Counts must be dismissed with prejudice.

Upon review, Fidelity's Motion with respect to the Second Set of Counts will be denied. Because Plaintiffs contend that it was "solely" the Amended Declaration – not a zoning restriction – that created the encumbrance (Doc. 17 at 3), whether there is coverage under the title policies involves questions of fact which cannot be resolved at this stage of the proceedings. However, given the limited discovery, if any, required to resolve this issue, Fidelity may move for summary judgment as soon as practicable.

**IV. Conclusion**

For the foregoing reasons, it is **ORDERED** that Defendant Fidelity National Title Insurance Company's Motion to Dismiss (Doc. 13) is **GRANTED in part** and **DENIED in part**. Counts 38 through 53 are hereby **DISMISSED** without prejudice.

Plaintiffs may file an Amended Complaint by no later than **Friday, October 23, 2009**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 6, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE