**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MAURICE AHERN et al,**

        **Plaintiffs,**

**-vs-**                                           **Case No. 6:09-cv-1047-Orl-31GJK**

**FIDELITY NATIONAL TITLE
INSURANCE COMPANY, SECRET LAKE
LAND COMPANY, LLC, POLK
PROFESSIONAL TITLE SERVICES, INC.,
FELTRIM DEVELOPMENT N.A., INC.,
CATHEDRAL FINANCIAL
CONSULTANTS LIMITED, FLORIDA
TEAM REALTY, INC., and MAS REAL
ESTATE SERVICES CO.,**

        **Defendants.**

## ORDER

This matter came before the Court without oral argument upon consideration of Defendants', Secret Lake Land Company, LLC ("Secret Lake") and MAS Real Estate Services Co. ("MAS") (collectively, "Defendants"), Motion to Dismiss (the "Motion) (Doc. 12), and Plaintiffs' response in opposition thereto (the "Response") (Doc. 16).

**I. Overview**

The twenty-two Plaintiffs in this case filed a ninety-two page, sixty-six count Complaint on June 18, 2009, alleging, *inter alia*, that they are all citizens of Ireland who purchased condominiums in the Osceola County development known as "The Villas at Secret Lake" (*see generally* Doc. 1). After learning of the investment opportunity through Defendants' agent in

Ireland, Cathedral Financial Consultants, Ltd., Plaintiffs closed on their condominiums, only to learn shortly thereafter that their properties were significantly encumbered. Specifically, Plaintiffs allege that Defendants failed to inform them of a material amendment to their condominium declaration (the "Amended Declaration") that limited the use of their condominiums to short-term rentals and prohibited Plaintiffs from continuously living in their condominiums for more than six months.

Although some claims in the Complaint are asserted on a plaintiff-by-plaintiff basis, each Plaintiff has asserted a claim for violations of the Interstate Land Sales Full Disclosure Act (*see*, *e.g.*, Doc. 1 at 16, ¶¶ 100-108). Other claims, which are apparently asserted by only some Plaintiffs but not others, are predicated on violations of FLA. STAT. §§ 718.503 and 718.506, fraud, breach of contract, negligence, defective title, breach of fiduciary duty, and securities fraud (Doc. 1 at 2, ¶ 1).

Defendants have moved to dismiss the entire action pursuant to FED. R. CIV. P. 12(b)(3) based on a forum selection clause. Alternatively, Defendants move to dismiss Counts 1 through 37 and 60 through 63 pursuant to FED. R. CIV. P. 12(b)(6). The Court addresses Defendants' Motion pursuant to Rules 12(b)(3) and 12(b)(6), *infra*.

The Court has subject matter jurisdiction pursuant to, *inter alia*, 28 U.S.C. § 1332.[1]

---

[1] Plaintiffs rely solely on 28 U.S.C. § 1332 as conferring jurisdiction (Doc. 1, ¶ 3). However, because Plaintiffs also assert a federal claim under the Interstate Land Sales Full Disclosure Act (*see*, *e.g.*, Doc. 1 at 16, ¶¶ 100-108), the Court may also have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

**II. Standard of Review**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

**III. Analysis**

    **A. Motion to Dismiss Pursuant to Rule 12(b)(3)**

The forum selection clause at issue in Plaintiffs' condominium purchase agreements states:

> Venue. PURCHASER waives any and all privileges and rights which it may have under Chapter 47, Florida Statutes, relating to venue, as it now exists or may be amended, and any comparable statute or administrative provision; *and PURCHASER agrees that any legal action brought on this Agreement shall be brought in the appropriate forum in Osceola County, Florida.*

(*see*, *e.g.*, Doc. 1-6 at 11) (emphasis added).

Notwithstanding the fact that the United States District Court in and for the Middle District of Florida clearly encompasses Osceola County, Florida, Defendants contend that, pursuant to the foregoing provision, this case may only be heard in an appropriate state circuit or county court located in Osceola County, Florida (Doc. 12 at 3).

Defendants' argument is without merit. Numerous federal courts have consistently found that forum selection clauses – such as the one in the parties' purchase agreement – are permissive and do not preclude litigation in the federal court that encompasses the county identified in the forum selection clause. *See*, *e.g.*, *Priority Healthcare Corp. v. Chaudhuri*, Case. No. 08-CV-425, 2008 WL 2477623 (M.D. Fla. June 18, 2008) (collecting cases, analyzing similar forum selection clauses, and denying motion to remand where clause stated "customer . . . shall accept venue in Seminole County, Florida"); *Links Design, Inc. v. Lahr*, 731 F. Supp. 1535 (M.D. Fla. 1990) (holding that clause, "proper venue for said action shall be Polk County, Florida," did not preclude venue in Middle District of Florida).

**B. Motion to Dismiss Pursuant to Rule 12(b)(6)**

**Count 1**

Count 1 purports to state a claim pursuant to FLA. STAT. § 718.503, which provides, in pertinent part:

> *Copies of documents to be furnished to prospective buyer or lessee.* – Until such time as the developer has furnished the documents listed below to a person who has entered into a contract to purchase a residential unit or lease it for more than 5 years, the contract may be voided by that person, entitling the person to a refund of any deposit together with interest thereon as provided in Section 718.202 . . . .

FLA. STAT. § 718.503(1)(b).

Defendants contend that Section 718.503(1)(b) does not provide a remedy if the statutory right to rescission is not timely invoked (Doc. 12 at 7, citing, *inter alia*, *McGuiness v. Prospect Aragon, LLC*, 981 So. 2d 496 (Fla. 3d DCA 2008).

Plaintiffs do not address the argument in their Response. Accordingly, Defendants' Motion to Dismiss with respect to Count 1 will be granted as unopposed and Count 1 will be dismissed with prejudice.

**Count 2**

Count 2 purports to state a claim pursuant to FLA. STAT. § 718.506, which provides, in pertinent part:

> Any person who, in reasonable reliance upon any material statement or information that is false or misleading and published by or under authority from the developer in advertising and promotional materials . . . shall have a cause of action to rescind the contract or collect damages from the developer . . . .

FLA. STAT. § 718.506(1).

Although the Complaint clearly states that Plaintiffs, after "relying on Secret Lake's false and misleading documents . . . purchased and closed on their respective units" (Doc. 1 at 15, ¶ 98), Defendants contend that Plaintiffs' failure to include the word "reasonable," as used in Section 718.506(1), necessitates dismissal.

Defendants position is devoid of merit. Plaintiffs reliance must have been reasonable, but the Complaint as written is clearly sufficient in terms of providing Defendants with notice of Plaintiffs' ground for relief. Accordingly, Defendants' Motion to Dismiss with respect to Count 2 will be denied.

### **Count 3**

Defendants argue that Count 3 is subject to dismissal for improper venue (Doc. 12 at 8). For the reasons stated, *supra*, the Motion with respect to Count 3 will be denied.

### **Count 4**

Defendants contend that Count 4 fails to include two elements required to assert a claim for fraudulent inducement, namely that: (1) Plaintiffs justifiably relied on false statements to their detriment and (2) Defendants intended Plaintiffs to rely and act on those false statements (Doc. 12 at 9).

Although fraud must be pled with particularity,[2] the first element has clearly been asserted in the Complaint (*see* Doc. 1, ¶ 115, "Plaintiffs each relied on Secret Lake's, Cathedral's and Feltrim's representations to their detriment"). The fact that Plaintiffs omit the word "justifiably" is immaterial. As to the Defendants' intent, Rule 9 clearly provides that "Malice, intent, knowledge,

---

[2]No where in their Motion, however, do Defendants contend that Plaintiffs have failed to satisfy FED. R. CIV. P. 9(b).

and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). A fair reading the Complaint, then, makes plain that Plaintiffs have alleged that Defendants intended to defraud them.

Accordingly, Defendants' Motion to Dismiss with respect to Count 4 will be denied.

**Count 5**

Defendants contend that Count 5, which is a separate fraud in the inducement claim asserted by Plaintiffs Ahern and Heaney only, is duplicative of Count 4.

As Plaintiffs point out in their Response (Doc. 16 at 7 n. 1), Defendants misread the Complaint. Plaintiffs Ahern and Heaney are not joined or specifically named in Count 4 of the Complaint. Accordingly, Defendants' Motion with respect to Count 5 will be denied.

**Counts 6 through 21**

Counts 6 through 21 purport to state claims by specific individual Plaintiffs for breach of certain lease-back agreements.

Defendants contend that the lease-back agreements were between Plaintiffs and a separate business entity, "The Villas at Secret Lake Condominium, Inc." – not with Secret Lake or MAS (Doc. 12 at 10). Therefore, Defendants argue that Plaintiffs have failed to assert a claim for breach of contract.

Plaintiffs do not address this issue in their Response. Accordingly, Defendants' Motion to Dismiss with respect to Counts 6 through 21 will be granted as unopposed and Counts 6 through 21 will be dismissed without prejudice. If appropriate, Plaintiffs may timely serve and join The Villas at Secret Lake Condominium, Inc. as a proper defendant and re-assert these claims.

**Counts 22 through 37**

Counts 22 through 37 purport to state claims by specific Plaintiffs for rescission.

Defendants contend that Counts 22 through 37 must be dismissed because "they do not assert all of the elements as fraud, as previously discussed in regard to Count 4" (Doc. 12 at 11).

Although Florida's courts have muddied the waters by confusing the law of remedies with underlying causes of action, a claim for "rescission" is well-recognized under Florida law. *See*, *e.g.*, *Crown Ice Mach. Leasing Co. v. Sam Senter Farms, Inc.*, 174 So. 2d 614, 617 (Fla. 2d DCA 1965); *Billian v. Mobile Corp.*, 710 So. 2d 984, 991 (Fla. 4th DCA). According to these courts, "to state a cause of action for rescission or cancellation of a contract," a party must allege:

> (1) The character or relationship of the parties;
>
> (2) The making of the contract;
>
> (3) The existence of fraud, mutual mistake, false representations, impossibility of performance, or other ground for rescission or cancellation;
>
> (4) That the party seeking rescission has rescinded the contract and notified the other party to the contract of such rescission.
>
> (5) If the moving party has received benefits from the contract, he should further allege an offer to restore these benefits to the party furnishing them, if restoration is possible.
>
> (6) Lastly, that the moving party has no adequate remedy at law.

*Crown Ice Mach. Leasing Co.*, 174 So. 2d at 617.

Upon review of Counts 22 through 37, and for the reasons discussed, *supra*, in regard to Count 4, the Court finds that Plaintiffs' Complaint clearly states claims for rescission. Accordingly, Defendants' Motion with respect to Counts 22 through 37 will be denied.

**Counts 60 through 61**

Counts 60 through 61 purport to state claims for violations of the securities laws.

Defendants contend that Plaintiffs do not clearly indicate *whose* laws (i.e., the United States' or Florida's) are at issue in Counts 60 through 61. Defendants also argue that Plaintiffs have failed to "plead and prove that the purchase agreements they entered into were investment contracts" (Doc. 12 at 11).[3]

Upon review, Defendants' arguments are without merit and their Motion with respect to Counts 60 through 61 will be denied. While Counts 60 through 61 are not obviously labeled as arising under the federal securities laws, the Complaint clearly alleges, *inter alia*, that certain Defendants "used a means of interstate commerce in their scheme to defraud the Plaintiffs" (Doc. 1 at 79, ¶ 568).[4] With respect to Plaintiffs' other putative pleading deficiency, it is axiomatic that Plaintiffs must "prove" that the purchase agreements were investment contracts if they are to be entitled to relief. At the pleading stage, however, Plaintiffs need only put Defendants on notice as their claim. This they have clearly done. If the purchase agreements are not investment contracts, then Defendants should move for summary judgment.[5]

---

[3] Defendants also argue that Count 61, which is a separate federal securities claim asserted by Plaintiffs Ahern and Heaney only, is duplicative of Count 60. Defendants again misread the Complaint. Plaintiffs Ahern and Heaney are not joined or specifically named in Count 60 of the Complaint.

[4] Furthermore, Counts 62 and 63 are clearly labeled as Florida securities law violations, thus clarifying that Counts 60 and 61 are federal securities claims.

[5] As to the issue of whether real estate agreements may be "investment contracts," the parties are directed to review this Court's recent Order in *Alunni v. Dev. Res. Group, LLC*, Case No. 6:08-CV-1349, 2009 WL 2579319 (M.D. Fla. Aug. 18, 2009).

**Counts 62-63**

Counts 62 through 63 purport to state claims for violations of Florida's securities laws.

Defendants argue that Counts 62 through 63 are "subject to dismissal on the same grounds as Counts 60 and 61" (Doc. 12 at 14).

As noted, *supra*, Defendants' position is without merit and their Motion with respect to Counts 62 through 63 will be denied.

**IV. Conclusion**

For the foregoing reasons, it is **ORDERED** that Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(3) is **DENIED** and Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) is **GRANTED** in part and **DENIED** in part.

It is **FURTHER ORDERED** that Count 1 is hereby **DISMISSED with prejudice** and Counts 6 through 21 are **DISMISSED** without prejudice.

Finally, Plaintiffs may file an Amended Complaint by no later than **Friday, October 23, 2009**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 7, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE