**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MAURICE AHERN et al.,**

    **Plaintiffs,**

**-vs-**                                                      **Case No. 6:09-cv-1047-Orl-28DAB**

**FIDELITY NATIONAL TITLE INSURANCE COMPANY, SECRET LAKE LAND COMPANY, LLC, POLK PROFESSIONAL TITLE SERVICES, INC., FELTRIM DEVELOPMENT N.A., INC., CATHEDRAL FINANCIAL CONSULTANTS LIMITED, FLORIDA TEAM REALTY, INC., and MAS REAL ESTATE SERVICES CO.,**

    **Defendants.**
_____

## ORDER

This cause is before the Court on Plaintiffs' "Motion for Reconsideration of Court's Order Dismissing Count 1 of the Complaint with Prejudice" (Doc. 67) filed December 21, 2009. In their motion, Plaintiffs request that this Court reconsider its October 7, 2009 Order (Doc. 31) in which the Court dismissed Count I of the Complaint. (Doc. 67). Defendants Secret Lake Land Company, LLC and Mas Real Estate Services Co. have filed their Response (Doc. 80) thereto, and the matter is now ripe for adjudication.

Regarding Count I, Defendants' August 6, 2009 motion to dismiss (Doc. 12) was granted as unopposed because Plaintiffs failed to respond to Defendants' arguments that section 718.503(1)(b), Florida Statutes, provided no remedy because the statutory right to

rescission was not timely invoked. (Doc. 31 at 5). The October 7, 2009 Order allowed Plaintiffs until October 23, 2009 to amend their complaint as it pertained to the remaining counts. (Doc. 31 at 10). Plaintiffs filed their Amended Complaint on October 23, 2009, (Doc. 34) approximately two months prior to filing their present motion.

In their motion for reconsideration, Plaintiffs provide no explanation for their failure to respond to Defendants' motion to dismiss as it pertained to Count I. Plaintiffs do not attempt to utilize the present motion to explain their excusable neglect, if any, but instead to argue the merits of Count I dismissed by the Court's October 7, 2009 Order. However, "[f]ailure to oppose a motion raises an inference that the party does not object to such motion." Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co., 527 F. Supp. 2d 1355, 1371 (M.D. Fla. 2007); see also Local Rule 3.01(b) ("Each party opposing a motion . . . shall file within ten (10) days after service of the motion . . . a response that includes a memorandum of legal authority in opposition to the request."). Federal Rule of Civil Procedure 60(c)(1) states that a "motion under Rule 60(b) must be made within a reasonable time." Because Plaintiff filed an Amended Complaint and waited a further two months prior to filing their motion, the Court finds that Plaintiffs have not moved for reconsideration within a "reasonable time" as contemplated by Rule 60(c). Accordingly, Plaintiffs' motion (Doc. 67) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida this 19th day of February, 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to Counsel of Record and Unrepresented Parties